## UNITED STATES DISTRICT COURT
## DISTRICT OF KANSAS

| | |
|---|---|
| MARTIN J. WALSH, Secretary of Labor, United States Department of Labor, | )<br>)<br>) |
| Plaintiff, | )<br>) Civil Action No. 6:22-cv-01149-JAR-GEB |
| v. | )<br>) |
| CAPTION SOLUTIONS, L.L.C., and KALA PATTERSON, Individually, | )<br>)<br>) |
| Defendants. | )<br>)<br>) |

## CONSENT ORDER AND JUDGMENT

Plaintiff, Martin J. Walsh, Secretary of Labor, United States Department of Labor, has filed a complaint under the Fair Labor Standards Act of 1938 as amended (29 U.S.C. § 201 *et seq.*) ("FLSA"), and Defendants Caption Solutions, L.L.C. and Kala Patterson, individually, (collectively "Defendants") have appeared by counsel, and waive formal service of process of the Summons and Complaint, waive their Answer and any defenses which they may have, and agree to the entry of this Consent Order and Judgment without contest.

Defendants admit and the Court finds Defendants are engaged in related activities performed through unified operation or common control for a common business purpose and are an "enterprise" under 29 U.S.C. § 203(r) of the FLSA.

Defendants admit and the Court finds Defendants are an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(1)(A) of the FLSA.

Defendants admit and the Court finds Defendants are employers as defined in 29 U.S.C. § 203(d) of the FLSA.

Upon motion of attorneys for the Secretary and for cause shown, it is:

ORDERED, ADJUDGED, AND DECREED, pursuant to section 17 of the FLSA that Defendants, their officers, agents, servants, and all persons acting or claiming to act on their behalf and interest be, and they hereby are, permanently enjoined and restrained from violating the provisions of sections 7 and 15(a)(2) of the FLSA, in any of the following manners:

1. Defendants shall not, contrary to 29 U.S.C. §§ 207 and 215(a)(2), employ any of their employees including, but not limited to, any of their employees working at Caption Solutions, L.L.C., or at any business location owned, operated, and/or controlled by Defendants, and at any other business location at which their employees perform work, in any workweek when they are engaged in commerce or employed in an enterprise engaged in commerce, within the meaning of the FLSA, for workweeks longer than forty hours, unless said employees receive compensation for their employment in excess of forty hours at a rate equivalent to one and one-half times the regular rate at which they are employed.

2. Defendants shall create an on-call policy within 30 days of the date of this order. The policy shall include the following provisions:

   a. The captioner is not required to remain at their workstation while on-call. However, the employee must remain available by telephone, text or pager during their on-call time and must respond to any message within fifteen (15) minutes.

   b. The captioner is not required to restrict his or her activities while on-call, but the employee must remain free of the influence of alcohol or illegal drugs. In addition, the employee should not take any prescription drug that adversely affects his or her ability to safely and effectively perform his or her job duties.

    c. If the captioner has a conflict and is unable to be on-call during his or her assigned time, the captioner is required to contact the office for a replacement to cover the captioner's on-call shift. The captioner is not subject to discipline for requesting a replacement to cover their on-call shift.

    d. When called in, Captioners are expected to be ready to go live with captioning no less than 15 minutes of being called.

  FURTHER, JUDGMENT IS HEREBY ENTERED, pursuant to section 16(c) of the Act, in favor of the Secretary and against Defendants in the total amount of $5,163.90, as set forth in Exhibit A.

  3. The Secretary shall recover from Defendants the sum of $2,581.95 in unpaid overtime compensation covering the period from November 1, 2019 through October 31, 2021, for Defendants' current and former employees whose names are listed in the attached Exhibit A, and the additional sum of $2,581.95 in liquidated damages.

    a. Within 15 calendar days of the entry of this Consent Order and Judgment, Defendants shall deliver payment by either direct deposit or by check (sent to the individual's last known address) to the current and former employees listed in Exhibit A in the amount listed opposite their name. Within 5 calendar days after payment is made, Defendants shall provide to the Secretary's representative via electronic mail either proof of direct deposit or copies of the fronts of the checks. Additionally, for any payment made by check, within 5 calendar days after the checks' delivery, Defendants shall provide copies of the fronts and backs of the checks to the Secretary's representative via electronic mail, showing the checks have been cashed.

        b.        Defendants remain responsible for the employer's share of the social security (F.I.C.A.) tax arising from or related to the back wages paid as described in subparagraph (a).

        c.        For any checks that for whatever reason have not been cashed and have not been returned 60 days after they are issued, Defendants shall pay by ACH transfer, credit card, debit card, or digital wallet at https://www.pay.gov/public/form/start/77692637 or www.pay.gov and searching "WHD Back Wage Payment – Midwest Region", case # 1951006, the total net due to all such employees.

        d.        Neither Defendants nor anyone on their behalf shall directly or indirectly solicit or accept the return or refusal of any sums paid under this Consent Order and Judgment. Any such amount shall be immediately paid to the Secretary for deposit as above, and Defendants shall have no further obligations with respect to such returned monies.

        e.        Any monies not disbursed by the Department of Labor after three years from the date of payment by Defendants, because of the inability to locate the proper persons or because of their refusal to accept payment, shall be deposited into the Treasury of the United States as miscellaneous receipts, pursuant to section 16(c) of the FLSA.

        f.        The provisions of this Consent Order and Judgment shall not in any way affect any legal right of any individual not named on Exhibit A, nor shall the provisions in any way affect any legal right of any individual named on Exhibit A to file any action against Defendants for any violations alleged to have occurred outside the relevant period.

    4.        By entering into this Consent Order and Judgment, Plaintiff does not waive his right to conduct future investigations of Defendants under the provisions of the FLSA and to take

appropriate enforcement action, including assessment of civil money penalties pursuant to 29 U.S.C. § 216(e), with respect to any violations disclosed by such investigations.

It is FURTHER ORDERED that each party shall bear their own costs, fees and other expenses incurred by such party in connection with any stage of this proceeding, but not limited to, attorney fees which may be available under the Equal Access to Justice Act, as amended.

Dated: <u>July 13, 2022</u>

 S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE

Entry of this judgment
is hereby consented to:

For Defendants:

Caption Solutions, L.L.C.

s/ Kala Patterson_____
Kala Patterson, Owner
1532 El Dorado Drive
Lawrence, KS 66047

Kala Patterson, Individually

s/ Kala Patterson___
Kala Patterson
1532 El Dorado Drive
Lawrence, KS 66047

s/ Forrest T. Rhodes, Jr._____
Forrest T. Rhodes, Jr.
Foulston Siefkin LLP
1551 N. Waterfront Parkway, Suite 100
Wichita, KS 67206
frhodes@foulston.com
316-291-9555

Attorney for Defendants

APPROVED:

**SEEMA NANDA**
Solicitor of Labor

**CHRISTINE Z. HERI**
Regional Solicitor

**EVERT VAN WIJK**
Associate Regional Solicitor


_s/ Dana M. Hague_
Dana M. Hague
KS Bar #21572
U.S. Department of Labor
Office of the Solicitor
2300 Main Street, Suite 10100
Kansas City, Missouri 64108
816-285-7262
Hague.dana.m@dol.gov

*Attorneys for Plaintiff Martin J. Walsh,
Secretary of Labor, United States Department
of Labor*

Exhibit A

| Employee | Back Wages | Liquidated Damages |
|---|---|---|
| Blackwood, Chandra | $288.80 | $288.80 |
| Breeden, Wanda | $45.00 | $45.00 |
| Forth, Jennifer | $994.75 | $994.75 |
| Mauch, Jennie | $470.04 | $470.04 |
| O'Neal, Pamela | $83.70 | $83.70 |
| Ponce, Victoria | $381.28 | $381.28 |
| Stanwix, Marci | $318.38 | $318.38 |